Mike Arias, Esq. (SBN 115385)
Arnold C. Wang, Esq. (SBN 204431)
M. Anthony Jenkins, Esq. (SBN 171958)
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
T: (310) 844-9696
F: (310) 861-0168

Nicholas A. Coulson*
*Pro Hac Vice* to be submitted
**LIDDLE SHEETS COULSON P.C.**
975 E. Jefferson Avenue
Detroit, Michigan 48207
T: (313) 392-0015
F: (313) 392-0025

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, | CASE NO.: |
| Plaintiff, | CLASS ACTION COMPLAINT FOR: |
| vs | 1. Violation California Invasion of Privacy Act, Cal. Penal Code §§ 630-638.55 |
| PHE, INC. | |
| Defendant. | JURY TRIAL DEMANDED |

*Left margin, vertical text:* **ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

**CLASS ACTION COMPLAINT**

**NOTICE TO DEFENDANTS OF DUTIES TO RETAIN EVIDENCE:**

TO ALL DEFENDANTS: Note and adhere to your duties to retain, and not delete or destroy, all documents, emails, databases, electronic records, electronically stored information, and all other evidence that may be pertinent to this lawsuit, and to cease any destruction or deletion of such evidence that might otherwise take place in the ordinary course of your business or affairs.

Plaintiff Jane Doe, by and through her attorneys, for her Complaint against PHE, Inc., alleges and states as follows:

1.     Plaintiff, on behalf of herself and all others similarly situated ("**Plaintiff**"), brings this class action due to Defendant's disclosure of communications regarding Plaintiff's private and protected sexual information along with her IP addresses without her consent including but not limited to:

a.     Sexual preferences;

b.     Sexual orientation;

c.     Sexual practices;

d.     Sexual fetishes;

e.     Sex toy preferences;

f.     Lubricant preferences; and

g.     Search terms.

(collectively, "**Private and Protected Sexual Information**")

2.     Specifically, Defendant caused Google to learn the contents of Plaintiff's Private and Protected Sexual Information along with Plaintiff's IP address between [her] and Defendants without consent.

3.     Plaintiff is a consumer of the website, www.adameve.com (the "**Website**") which sells adult products.

4.     When Plaintiff used Defendant's Website, information that revealed [his/her] Private and Protected Sexual Information and IP address was provided to Google without notifying [him/her] and without [his/her] consent.

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

5.      Defendant violated section 631(a) of the California Invasion of Privacy Act, Cal. Penal Code §§ 630-638.55 (the "**CIPA**") each time it disclosed Plaintiff's Private and Protected Sexual Information.

6.      Pursuant to section 637.2(a)(1) of the CIPA, Defendant is liable to Plaintiff for statutory damages in the amount of $5,000 for each disclosure of Plaintiff's Private and Protected Sexual Information.

## PARTIES

7.      Plaintiff is an individual that is over 18 years old and resides in Los Angeles County, California. Plaintiff is a consumer of Defendant's Website.

8.      Defendant PHE, Inc. is a North Carolina corporation with its principal place of business at 302 Meadowlands Dr., Hillsborough, NC 27278-8502. Defendant developed, owns, and/or operates the Website.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA jurisdiction is appropriate because there is minimal diversity in citizenship between the Defendant and at least one class member, there are 100 or more Class Members, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

10.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

11.      Defendant is the owner of Adam & Eve/the Website[1] which is the largest adult product marketer in the United States.

12.      Thousands of California residents visit Defendant's Website each year.

---

[1] https://www.adameve.com/t-privacy.aspx (accessed May 24, 2023).

**CLASS ACTION COMPLAINT**

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

13.    Consumers use Defendant's Website to purchase adult products, including sex toys for men and women, bondage equipment, S&M products, lubricants, lingerie, and more.

14.    Defendant's Website collects various information about its consumers including, but not limited to Private and Protected Sexual Information relating to the consumers' sexual life and sexual orientation, along with their IP addresses to Google. An IP address is a number that identifies a specific device connected to the Internet and its geolocation.

**Google and Google Analytics**

15.    Defendant's Website sends Plaintiff's Private and Protected Sexual Information to Google using "Google Analytics."

16.    Google Analytics is a web analytics service, which allows website owners to track visitor actions on their website in order to target them with personalized advertisements. Google Analytics collects IP addresses of individual internet consumers in order to facilitate and track internet communications. Simply put, Google can use the information that Defendant is disclosing in order to identify a specific consumer's actions on the Website.

17.    Google Analytics offered Defendant an opt-in IP anonymization feature for the Website. According to Google, this feature is designed to help site owners comply with their own privacy policies and the recommendations of data protection authorities.

18.    Defendant enabled the opt-in IP anonymization feature, which allowed an additional parameter to be added to the communications between Plaintiff, as the website visitor, and the Google Analytics server defined as aip=1 as shown below:

///

///

///

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15    19.    Accordingly, when the "aip" parameter does not appear, the IP address

16  is not anonymized, enabling Google to identify the consumer's IP addresses and

17  their online actions.

18    20.    Defendant does not enable the IP anonymization feature on its website.

19

20  This is demonstrated by the absence of the "aip" parameter, as shown in the image

21  below:

22

23  ///

24

25  ///

26

27  ///

28

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

▼ **Query String Parameters**    view source    view URL-encoded
v: 1
_v: j98
a: 1088890873
t: event
ni: 1
_s: 1
dl: https://www.adameve.com/shoppingcart.aspx
ul: en-us
de: UTF-8
dt: Adam & Eve Sex Toy Store | #1 Source for Adult Toys Online
sd: 24-bit
sr: 2560x1440
vp: 1362x1289
je: 0
ec: Ecommerce
ea: Checkout Step
_u: SCCAAAALAAAAAAAM~
jid:
gjid:
cid: 1302355991.1671549814
tid: UA-1283698-9
_gid: 422031894.1671549814
gtm: 2wgbu056RXBQ
cos: 1
pa: checkout
pr1id: 319X
pr1nm: Adam  Eve Silicone G-Gasm Rabbit
pr1pr: 69.95
pr1br: Adam and Eve
pr1ca: 1046
pr1qt: 1
pr1va: 6200
pr1cd10: 60
pr1cd11: In Stock
pr1cd13: 3.60
pr2id: 873X
pr2nm: Vibrator Accessory Kit
pr2pr: 14.95
pr2ca: ADDON_KIT
pr2qt: 1
pr2va: 0000
pr2cd10: 50
pr2cd11: In Stock
pr2cd13: 4.25
il1nm: YMAN_CART
il1pi1id: 128X
il1pi1ps: 1
il1pi1nm: Westinghouse AAA Batteries 4-Pack
il1pi1pr: 5.95
il1pi1br: Batteries and Things
il1pi1ca: Sex Toys/Batteries and Accessories
il1pi1cd1: 50
il1pi1cd2: 01
il1pi1cd5: 0
il1pi1cd7: In Stock
il1pi1cm2: 4.4
il1pi1cd23: 5.95
il1pi1cm4: 250
il1pi1cm5: 5.95

Page 6

**CLASS ACTION COMPLAINT**

21.    By using the Google Analytics tool without anonymized IP feature, Defendant is sharing with Google Plaintiff's online activity, along with their IP addresses, even when consumers have not shared (nor have consented to share) such information.

22.    The moment Plaintiff entered Defendant's Website, Plaintiff's interaction with the Website is immediately and automatically sent directly to Google as depicted below:



///

///

///

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

```
METHOD: POST +

URL

+ https://www.google-analytics.com/g/collect?v=2&tid=G-9EEVV2EFZ
4&gtm=2oebu0&_p=583548772&cid=725432500.1671554204&ul=en-us&sr=1
536x864&uaa=x86&uab=64&uafvl=Not%253FA_Brand%3B8.0.0.0%7CChromiu
m%3B108.0.5359.124%7CGoogle%2520Chrome%3B108.0.5359.124&uamb=0&u
am=&uap=Windows&uapv=14.0.0&uaw=0&_s=1&uid=2d3039f7-fef4-4bf0-be
1a-00d653ad68be&sid=1671554209&sct=1&seg=0&dl=https%3A%2F%2Fwww.
adameve.com%2F&dt=Adam%20%26%20Eve%20Adult%20Toy%20Store%20%7C%2
0Best%20Sex%20Toys%20for%20Men%20%26%20Women&en=page_view&_fv=1&
_ss=1&up.userID=2d3039f7-fef4-4bf0-be1a-00d653ad68be

HEADERS

+ accept:             */*
+ accept-encoding:    gzip, deflate, br
+ accept-language:    en-US,en;q=0.9
+ connection:         keep-alive
+ content-length:     0
+ host:               www.google-analytics.com
+ origin:             https://www.adameve.com
```

23.    Consumers are able to choose between different categories and different adult products.

24.    As illustrated in the images below, the specific categories the consumer viewed were transmitted to Google by Defendant's Website:

///

///

///

**CLASS ACTION COMPLAINT**



///

///

///

**CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19



20   ///

21   ///

22   ///

23   ///

24

25

26

27

28

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

METHOD: POST +

URL

\+ https://www.google-analytics.com/j/collect?v=1&_v=j98&a=136844
3182&t=pageview&_s=1&dl=https%3A%2F%2Fwww.adameve.com%2Fadult-se
x-toys%2fwomens-sex-toys-ch-955.aspx&ul=en-us&de=UTF-8&dt=Sex%20
Toys%20For%20women%3A%20Vibrators%2C%20Dildos%20&%20More%20%7
C%20Adam%20&%20Eve&sd=24-bit&sr=1536x864&vp=1519x746&je=0&_u=Q
CCAAEABAAAAACgCI~&jid=&gjid=&cid=725432500.1671554204&tid=UA-128
3698-1&_gid=1002262072.1671554204&_slc=1&z=28688700

HEADERS

| + accept: | */* |
| + accept-encoding: | gzip, deflate, br |
| + accept-language: | en-US,en;q=0.9 |
| + connection: | keep-alive |
| + content-length: | 0 |
| + content-type: | text/plain |
| + host: | www.google-analytics.com |
| + origin: | https://www.adameve.com |
| + referer: | https://www.adameve.com/ |
| sec-ch-ua: | "Not?A_Brand";v="8", "Chromium";v="108", "Google Chrome";v="108" |

25.    Thereafter, Defendant's Website shared with Google the specific sex

toys selected by the consumer.

///

///

///

**CLASS ACTION COMPLAINT**



///

///

///

**CLASS ACTION COMPLAINT**

```
METHOD: POST +

URL
+ https://www.google-analytics.com/j/collect?v=1&_v=j98&a=100310
  129&t=pageview&_s=1&dl=https%3A%2F%2Fwww.adameve.com%2Fadult-sex
  -toys%2-dildo-sex-toys%2-realistic-dildos%2Fsp-adam-eve-pink-jel
  ly-slim-dildo-91011.aspx&ul=en-us&de=UTF-8&dt=Pink%20Jelly%20Sli
  m%20Dildos%20-%20Dildos%20%7C%20Adam%20%26%20Eve&sd=24-bit&sr=153
  6x864&vp=2278x1118&je=0&_u=QCCAAEABAAAAACgCI~&jid=2138824189&gji
  d=516105928&cid=725432500.1671554204&tid=UA-1283698-1&_gid=10022
  62072.1671554204&_r=1&_slc=1&z=877039351

HEADERS
+ accept:               */*
+ accept-encoding:      gzip, deflate, br
+ accept-language:      en-US,en;q=0.9
+ connection:           keep-alive
+ content-length:       0
+ content-type:         text/plain
+ host:                 www.google-analytics.com
+ origin:               https://www.adameve.com
+ referer:              https://www.adameve.com/
  sec-ch-ua:            "Not?A_Brand";v="8", "Chromium";v="108",
                        "Google Chrome";v="108"
```

26.    Additionally, Defendant's website shared with Google that the

consumer added the sex toy to the cart and checked out.

///

///

///

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



///

///

///

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

```
METHOD: POST +

URL

+ https://www.google-analytics.com/g/collect?v=2&tid=G-9EEVV2EFZ
4&gtm=2oebu0o&_p=1407130527&cid=725432500.1671554204&ul=en-us&sr=
1536x864&uaa=x86&uab=64&uafvl=Not%253FA_Brand%3B8.0.0.0%7CChromi
um%3B108.0.5359.124%7CGoogle%2520Chrome%3B108.0.5359.124&uamb=0&
uam=&uap=Windows&uapv=14.0.0&uaw=0&_s=1&uid=2d3039f7-fef4-4bf0-b
e1a-00d653ad68be&sid=1671554209&sct=1&seg=1&dl=https%3A%2F%2Fww
w.adameve.com%2Fsignin.aspx%3Fcheckout%3Dtrue&dr=https%3A%2F%2Fw
ww.adameve.com%2Fshoppingcart.aspx&dt=Adam%20%26%20Eve%20Sex%20T
oy%20Store%20%7C%20%231%20Source%20for%20Adult%20Toys%20Online&e
n=page_view&up.userID=2d3039f7-fef4-4bf0-be1a-00d653ad68be

HEADERS

+ accept:              */*
+ accept-encoding:     gzip, deflate, br
+ accept-language:     en-US,en;q=0.9
+ connection:          keep-alive
+ content-length:      0
+ host:                www.google-analytics.com
+ origin:              https://www.adameve.com
+ referer:             https://www.adameve.com/
  sec-ch-ua:           "Not?A_Brand";v="8", "Chromium";v="108",
                       "Google Chrome";v="108"
```

27.    Also notable, any information submitted by consumers through the search bar on the site's homepage is shared with Google, as demonstrated in the images below:

///

///

///

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP



28.    The above information, combined with the consumer's IP address, enables Google to specifically identify the person who has interacted with Defendant's Website or has submitted information through the site.

29.    Website consumers did not know the communications between them, and Defendant would be shared with a third party, Google.

30.    Defendant did not obtain consent or authorization of Website consumers to disclose communications about their Private and Protected Sexual Information.

**CLASS ACTION COMPLAINT**

31.     The surreptitious disclosure of Private and Protected Sexual Information is an outrageous invasion of privacy and would be offensive to a reasonable person.

### California Invasion of Privacy Act

32.     In recognition of this, the Legislature passed the CIPA "to protect the right of privacy of the people of this state." Cal. Penal Code § 630.

33.     Section 631 of the CIPA prohibits aiding or permitting a third party to read or learn the contents of any message, report, or communication that is in transit or passing over any wire, line, or cable, or is being sent from or received at any place within California, without the consent of all parties to the message, report, or communication.

34.     Internet communications pass over a wire, line, and/or cable.

35.     Using a website and entering information on a website are messages, reports, and/or communications between the website user and website developer, owner, and/or operator.

36.     Such messages, reports, and/or communications are transmitted or passed over a wire, line, or cable.

37.     Where a website user or a website developer, owner, or operator is based in California, the message, report, or communication is sent from and/or received in California.

38.     When someone uses a website and enters information on that website, the sole parties to that message, report, or communication are the website user and the website developer, owner, or operator.

39.     It is a violation of section 631 of the CIPA to allow someone other than the website user or website developer, owner, or operator to read or learn the contents of messages, reports, or communications between those parties without the consent of all parties.

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

40.     When someone violates section 631 of the CIPA, the aggrieved party may bring a civil action for $5,000 per violation pursuant to section 637.2(a)(1) of the CIPA.

41.     Pursuant to section 637.2(b) of the CIPA, the aggrieved party may also seek injunctive relief to enjoin and restrain the violative conduct.

42.     Pursuant to section 637.2(c) of the CIPA, "it is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."

### Plaintiff's Use of Defendant's Website

43.     Plaintiff is a consumer who has purchased adult products from Defendant's website.

44.     Plaintiff created an account in or around 2018.

45.     Plaintiff has used Defendant's website on numerous occasions to search for and purchase adult products.

46.     Plaintiff purchased products from Defendant's website on at least two occasions, most recently in 2022.

47.     This included searching for adult products.

48.     Plaintiff's use of the Website constitutes internet messages, reports, and/or communications between Plaintiff and Defendant.

49.     Those internet messages, reports, and/or communications were transmitted and passed over a wire, line, or cable.

50.     Those messages, reports, and/or communications were sent from and received in California.

51.     Each time Plaintiff used Defendant's website, Defendant willfully disclosed Plaintiff's Private and Personal Sexual Information, the items she searched for, search terms she entered on the Website, products she placed in her cart, and products she purchased to Google via Google Analytics.

**CLASS ACTION COMPLAINT**

52.     This information was instantly disclosed to Google when Plaintiff entered the Website and tracked and disclosed to Google everything Plaintiff did on Defendant's Website.

53.     Google is not a party to the messages, reports, or communications between Plaintiff and Defendant.

54.     Plaintiff did not know the messages, reports, or communications between herself and Defendant would be disclosed to Google.

55.     Plaintiff did not know that her Private and Personal Sexual Information and IP address would be shared, used, sold or otherwise disclosed to Google.

56.     Plaintiff did not consent to the messages, reports, or communications between herself and Defendant being shared with Google.

## CLASS ALLEGATIONS

**A. Definition of the Class**

57.     Plaintiff brings this action individually and on behalf of all persons that the Court may determine appropriate for class certification, pursuant to Fed. R. Civ. P. 23 (the "**Class**" or "**Class Members**"). Plaintiff seeks to represent a Class of persons preliminary defined as:

> **All California residents who have visited the Website, navigated through the Website's pages, entered search terms on the Website, and/or purchased adult products on the Website.**

This definition is subject to modification as discovery discloses further information. Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

58.     This case is properly maintainable as a class action pursuant to and in accordance with Fed. R. Civ. P. 23 in that:

    a.     The Class, which includes thousands of members, is so numerous that joinder of all Class Members is impracticable;

**CLASS ACTION COMPLAINT**

b.    There are substantial questions of law and fact common to the Class, including those set forth in greater particularity herein;

c.    Questions of law and fact, such as those enumerated below, which are common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

d.    The claims of the representative party are typical of the claims of the Class;

e.    A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

f.    The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

g.    There are no unusual difficulties foreseen in the management of this class action; and

h.    Plaintiff, whose claims are typical of those of the Class, through his experienced counsel, will zealously and adequately represent the Class.

## B.    Numerosity

59.    There are thousands of individuals who have used the Website and have searched for adult products in California. Accordingly, the Class Members are so numerous that joinder of all parties is clearly impracticable.

60.    The prosecution of separate lawsuits by Class Members would risk inconsistent or varying adjudications. Class-wide adjudication of these claims is, therefore, appropriate.

///

///

///

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

## C.    Commonality

61.    Numerous common questions of law and fact predominate over any questions affecting individual Class Members including, but not limited to, the following:

a.    Whether Defendant collected information about Class Members who used its Website;

b.    Whether that information constitutes messages, reports, or communications under section 631 of the CIPA;

c.    Whether Defendant disclosed the messages, reports, or communications between Defendant and the Class Members who accessed its Website;

d.    How Class Members' messages, reports, communications, and Private and Personal Sexual Information was disclosed and to whom; and

e.    Whether Defendant obtained consent or authorization before disclosing Class Members' messages, reports, communications or Private and Personal Sexual Information.

## D.    Typicality

62.    Plaintiff has the same interests in this matter as all other members of the Class and her claims are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of substantially the same material and substantive facts, utilize the same complex evidence (e.g. expert testimony), rely upon the same legal theories, and seek the same type of relief.

63.    The claims of the Plaintiff and other Class Members have a common cause and their damages are of the same type. The claims originate from the synonymous disclosure of messages, reports, or communications by Defendant without consent.

**CLASS ACTION COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

64.   All Class Members have been aggrieved by Defendant's disclosure of their messages, reports, or communications without consent and are entitled to, *inter alia*, statutory damages.

**E.    Adequacy of Representation**

65.   Plaintiff has the same interests in this matter as all other members of the Class and her claims are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of substantially the same material and substantive facts, utilize the same complex evidence (e.g., expert testimony), rely upon the same legal theories, and seek the same type of relief.

66.   The claims of the Plaintiff and other Class Members have a common cause, and their damages are of the same type. The claims originate from the synonymous disclosure of messages, reports, or communications by Defendant without consent.

67.   All Class Members have been aggrieved by Defendant's disclosure of their messages, reports, or communications without consent and are entitled to, inter alia, statutory damages.

**F.    Class Treatment is the Superior Method of Adjudication**

68.   A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a.    Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

b.    Individual claims by Class Members would create a risk of inconsistent or varying adjudications, which would present the Defendant with incompatible standards of conduct;

**CLASS ACTION COMPLAINT**

c.    Individual claims by individual Class Members would create a risk of adjudications which would, as a practical matter, be dispositive of the interests of other individuals who are not parties to the adjudications, or substantially impair or impede their ability to protect and pursue their interests;

d.    Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

e.    In view of the complexity of the issues and the expenses of litigation, the separate claims of individual Class Members are likely insufficient in amount to support the costs of filing and litigating separate actions;

f.    The Plaintiff seeks relief relating to the Defendant's common actions and the equitable relief sought would commonly benefit the Class as a whole;

g.    The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

h.    The proposed class action is manageable.

## CAUSE OF ACTION I

## VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT

69.    Plaintiff restates all allegations of this Complaint as if fully restated herein.

70.    The Plaintiff and/or Class are located in California.

71.    Defendant, through its Website, is engaged in the business of selling adult products to the Plaintiff and Class.

72.    The Plaintiff and Class used Defendant's Website to search for and/or purchase adult products.

73.    When Plaintiff and the Class used Defendant's Website, they were messaging, reporting, and/or communicating with Defendant.

CLASS ACTION COMPLAINT

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

74.     Those messages, reports, and/or communications were transmitted or passed over a wire, line, or cable, and were sent and/or received within California.

75.     Defendant willfully disclosed the messages, reports, and/or communications with Google via Google Analytics.

76.     By doing so, Defendant willfully aided and permitted Google, a third-party, to read and learn of the messages, reports, and/or communications between the Plaintiff/Class and Defendant.

77.     The Plaintiff and Class were not aware Defendant was disclosing their messages, reports, and/or communications to Google.

78.     The Plaintiff and Class did not consent to Defendant sending or permitting Google to read or learn about the messages, reports, or communications between them and Defendant.

79.     Defendant is liable to the Plaintiff and Class for statutory damages of $5,000 for each time it disclosed a message, report, or communication to Google without consent.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of the proposed Class, prays for judgment as follows:

A. Certification of the proposed Class by order pursuant to Fed. R. Civ. P. 23;

B. Designation of the Plaintiff as representative of the proposed Class and designation of her counsel as Class counsel;

C. Judgment in favor of the Plaintiff and Class Members as against the Defendant;

D. An award to each Plaintiff and Class Member for statutory damages of $5,000 for each time Defendant disclosed a message, report, or communication to a third party without consent, pursuant to the CIPA;

**CLASS ACTION COMPLAINT**

E. Certification of the proposed Class by order pursuant to Fed. R. Civ. P. 23;

F. Designation of the Plaintiff as representative of the proposed Class and designation of her counsel as Class counsel;

G. Judgment in favor of the Plaintiff and Class Members as against the Defendant;

H. An award to each Plaintiff and Class Member for statutory damages of $5,000 for each time Defendant disclosed a message, report, or communication to a third party without consent, pursuant to the CIPA;

I. An award of attorneys' fees and costs, including pre- and post-judgment interest;

J. An Order holding that Defendant's disclosure of the Plaintiff's and Class's messages, reports and/or communications was in violation of the CIPA; and

K. Such further relief that this Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated:    September 25, 2023        **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By:    _/s/Mike Arias_
MIKE ARIAS, ESQ.
ARNOLD C. WANG, ESQ.
M. ANTHONY JENKINS, ESQ.

**LIDDLE SHEETS COULSON P.C.**

NICHOLAS A. COULSON, ESQ.*
* *Pro Hac Vice* to be submitted

*Attorneys for Plaintiff and the Putative Class*

Page 25